Case 1:21-cv-00102   Document 38   Filed on 02/21/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RICARDO ARTURO GUAJARDO, <br> "Plaintiff", <br><br> v. <br><br> ANTONY J. BLINKEN, Secretary of State, <br> "Defendant". | § <br> § <br> § <br> §     Civil Action No. 1:21-cv-00102 <br> § <br> § <br> § |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff sued Secretary of State Antony Blinken for declaratory relief granting her United States citizenship under 8 U.S.C. § 1503. Upon due consideration of the entire record, including the evidence, the testimony of witnesses, and the parties' arguments, the Court makes these findings of facts and conclusions of law under Federal Rule of Civil Procedure 52(a).[1]

### I. FINDINGS OF FACT

Plaintiff's mother, Lucia Guadalupe Grimaldo, ("Mother") and Plaintiff's father, Rolando Guajardo a/k/a Mario Jesus R. Guajardo ("Father") were Mexican citizens, who lived in Tamaulipas, Mexico ("Mexico") at the time of Plaintiff's birth. *See* Transcript *Ricardo Arturo Guajardo v. Antony Blinken et al.* (No. 1:21-cv-00102);[2]

At the time of Plaintiff's birth, Mother had a border crossing card that allowed her to cross into the United States.

Mother received prenatal care in Brownsville, Texas ("Brownsville") from Margarita Garcia, ("Midwife"), for about a month before giving birth.

One day before Plaintiff's birth, Mother crossed into Brownsville because she was not feeling well to visit Midwife. She stayed at her friend's house before going into labor at Midwife's home and delivered Plaintiff in the evening. Midwife informed Mother she would leave the Father's name out of the birth certificate because he was not present on the birth date. Mother

---

[1] If any findings of fact constitute conclusions of law (and vice versa), they are adopted as such. *See Tri-Ton Int'l v. Velto*, 525 F.2d 432, 435 (9th Cir. 1975) (noting "a finding or conclusion" is evaluated "in its true light, regardless of the label" placed on it by a district court*); see also Smith v. United States*, 727 F. Supp. 2d 533, 535 n. 1 (E.D. Tex. 2010); 9C Charles Alan Wright & Arthur R. Miller, *Federal* Practice, *and Procedure* § 2579 (2021 3d ed.).
[2] Neither party requested an official transcript. Unless otherwise noted, all facts stemmed from the unofficial transcript and evidence admitted at trial.

spent the night at Midwife's home then returned to Matamoros with Plaintiff the next day around noon.

On March 1, 1981, Mother gave birth to Plaintiff in Brownsville. On March 16, 1981, fifteen days after his birth, Mother registered Plaintiff's Texas Birth Certificate. P. Exh. 1. In 2000, following the Texas Department of Health's Application for Amended Birth Certificate Based on Paternity and State of Texas, the parents amended the Texas birth certificate to change Plaintiff's name from "Ricardo Arturo Grimaldo" to "Ricardo Arturo Guajardo". This change occurred because Father acknowledged his paternity and registered himself as Plaintiff's father, prompting the name changes from "Grimaldo" to "Guajardo". P. Exh. 1; D. Exh. 1.

Plaintiff also has a Mexican birth certificate indicating he was born in Matamoros, Tamaulipas ("Matamoros") on March 1, 1981. This Mexican birth certificate was registered August 25, 1982, one year and six months after the registration of the Plaintiff's Texas birth certificate.

In 2007, Plaintiff applied and was issued a valid U.S passport. In 2015, Plaintiff was issued a passport card. In 2020, the Department of State denied Plaintiff's passport application.

The live testimonies at trial were Rosalinda Lopez, Plaintiff's aunt ("Aunt"), Marciano Lopez, Plaintiff's uncle ("Uncle"), and Plaintiff's mother.

## II. CONCLUSIONS OF LAW

Title 8 § 1503(a) of the United States Code applies in this cause of action, as the trial was a de novo determination of Plaintiff's citizenship. *Vance v. Terrazas*, 444 U.S. 252, 256 (1980). Section 1503(a) allows any person within the United States denied a right or privilege as a national of the United States, based on non-nationality, to file a declaratory judgment action for a determination of United States citizenship. 8 U.S.C. § 1503(a).

Plaintiff has the burden of proving, by a preponderance of the evidence, that she is a United States citizen. *De Vargas v. Brownell*, 251 F.2d 869, 870-71 (5th Cir. 1958). To establish a fact by the preponderance of the evidence, Plaintiff must show that the existence of that fact is more likely than not. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983). As the finder of fact in a bench trial, the Court is charged with "[c]redibility determinations, the weighing of evidence and inferences drawn from the facts." *Ritzer v. T.L. James Const., Inc.*, 149 F.3d 1173 (5th Cir. 1998).

If Plaintiff was born in the United States, he is a United States citizen by birth, under the Fourteenth Amendment to the Constitution of the United States. *See Perkins v. Elg*, 307 U.S. 325

(1939) (finding plaintiff born in the United States to alien parents is entitled to declaratory judgment that she is a United States citizen, even though her parents took her to their home country when she was a child).

As for testimony, courts weigh the credibility of witnesses, but receive a plaintiff's self-serving statements and those of interested witnesses "with a grain of salt." De Vargas v. Brownell, 251 F.2d 871, 873; see also Garcia, 915 F. Supp. 2d at 835; Patel v. Rice, 403 F. Supp. 2d 560, 565 (N.D. Tex. 2005), aff'd, 224 F. App'x 414 (5th Cir. 2007).

Plaintiff has shown it is more likely than not he was born in the United States. The Court finds Plaintiff's Texas birth certificate, showing his birthplace as Brownsville, to be credible. The state officials granting the Texas birth certificate conducted their investigation closer in time to relevant events. There is no evidence the Texas birth certificate is false nor that the official signatures are false. P. Exh. 1. Plaintiff's Texas birth certificate was registered fifteen days after Plaintiff's birth. The Court finds records registered in the United States to be very credible and extremely difficult to obtain by fraud. Plaintiff's Texas birth certificate is a valid official record issued by the Texas Department of State Health Services, and correctly states he was born March 1, 1981, in Brownsville.

The Court also finds the testimony of Plaintiff's three live witnesses (Aunt, Uncle, Mother) to be credible. The testimony is consistent and corroborates non-hearsay statements of Plaintiff's birth in Brownsville. The statements fall within the following hearsay exceptions: "Then-Existing Mental, Emotional, or Physical Condition", Fed R. Evid. 803(3); "Reputation Concerning Personal or Family History", Fed R. Evid. 803(19); and "Reputation Concerning Character", Fed R. Evid. 803(21). All testifying parties remember Mother wanting to have her second son born in the United States. Mother also remembers crossing into the United States and a block and a half after crossing seeing a sign that read "Margarita Garcia – Midwife". This testimony is supported by the documentation that shows Mother had documents to cross into the United States around the time Plaintiff was born.

Thus, the Court finds Ricardo Arturo Guajardo has met his burden of proving by a preponderance of the evidence that he was born in the Brownsville and is therefore a United States citizen. A final judgment will be set forth in a separate document.

Signed on this 21st day of February, 2023.

_____
Rolando Olvera
United States District Judge